**Richard Lee SMITH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 85–170.

Supreme Court of Wyoming.

March 19, 1986.

James H. Barrett, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Kevin Saxby, Legal Intern, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This case brings the court to consider an appeal from a conviction of aggravated armed robbery and kidnapping resulting in a life sentence under an habitual-criminal statute, as now affirmed by this decision.

Issues presented are denial of a motion for acquittal, premised on contended insufficiency of eyewitness identification, and the trial court rejection of tendered evidence of a statement previously given by an unavailable witness.

A Cheyenne retail establishment was robbed on January 4, 1985, by a man wearing a dark-colored stocking cap. The clerk on duty was ordered into a back room, placed in a prone position, personally robbed, and left bound by duct tape.

On January 30, while the investigation was under way, police received an anonymous telephone call through the Silent Witness Program. The male caller identified the robbery; named appellant, his present address and approximate age; described the amount of money taken; and gave the name of Ruben Gonzalez as the occupant of the premises. Following a search of the premises at that location, a stocking cap was found.

In the criminal proceedings that followed, appellant was first identified by the clerk from a police photo lineup, and later by positive oral identification at trial.

Gonzalez was under subpoena by the State for the trial, which subpoena was released without requiring an appearance. An investigator for appellant had interviewed Gonzalez for a noticed alibi defense, pursuant to Rule 16.1, W.R.Cr.P.

When the State's subpoena was withdrawn, counsel for appellant instituted an immediate effort to secure Gonzalez' trial appearance by defendant's subpoena, in accord with the anticipated alibi defense. Gonzalez disappeared from Wyoming, and the continued and most diligent efforts of counsel to secure service in Colorado were unsuccessful.

At trial, appellant tendered the Gonzalez statement as transcribed into a written statement by the investigators for introduction into evidence under Rules 804 and 805, W.R.E. Introduction was denied by the trial court on the basis of unreliability, which brings us to the second issue for

appeal consideration. Appellant did not testify at trial.

By virtue of five prior felony convictions, appellant was sentenced to life imprisonment under the habitual-criminal statute, § 6–10–201, W.S.1977 (1983 Replacement). See *Oakley v. State,* 715 P.2d 1374 (1986).

We would first address the issue of directed verdict of acquittal as premised on the challenged identification.

■ Trial evidence photographs, including the appearance of "crows feet" lines around appellant's eyes, clearly demonstrate a distinctive appearance. The five-minute confrontation period between the clerk and the robber afforded adequate observation opportunity. *Campbell v. State,* Wyo., 589 P.2d 358 (1979).

Our review of the trial evidence affords ample justification to concur with the trial court's decision in denial of the requested directed verdict of acquittal. The conviction is sustained by substantial evidence. *Rodriguez v. State,* Wyo., 711 P.2d 410 (1985); *Reinholt v. State,* Wyo., 601 P.2d 1311 (1979); *Campbell v. State,* supra; *Russell v. State,* Wyo., 583 P.2d 690 (1978).

As the second issue, appellant contends that the transcribed statement of Ruben Gonzalez, in the absence and unavailability of the proposed witness, should have been admitted into evidence.

Clearly, no question is contended or exists about counsel for appellant making a comprehensive and diligent effort to locate and subpoena the witness. The reason for the disappearance is conjectural, but suggestive.

The propriety of admission of this kind of statement turns on the guarantees of truthfulness as required by Rule 804(b)(6), W.R.E. (Federal Rule 804(b)(5)), the catch-all exception. The experienced trial judge amply addressed the subject in comment and ruling:

"The Court will rule to exclude the offer of testimony of James Duff as to statements that he took from Ruben Gonzalez. I'm doing this on the grounds that there are singular lack of guarantees of the truthwhiness that would be required to receive such a statement. In fact, the circumstances really look in the opposite direction in my view, and it's apparent that this individual possibly left town knowing that he was needed for this trial to testify for the defense, and to evade an opportunity to provide testimony here or even really a moral duty to his friend, Mr. Smith.

"The testimony was not, or the statement from Mr. Gonzalez, even though printed and a Notice of Alibi is not in an affidavit form, nor is the statement in the file an acknowledgment by Mr. Gonzalez as his own, nor is there any written statement that I'm aware of that was made by Mr. Gonzalez and adopted by him in this situation."

■ We do not find the conclusion by our review of the trial evidence to constitute error, and particularly so if this court was inclined, which it is not, to separately assess reliability to the conflicting statements given by Mr. Gonzalez. That opportunity is a discretionary responsibility of the trial court. See Rules 804(a)(5) and 804(b)(6), W.R.E. *Canyon View Ranch v. Basin Electric Power Corporation,* Wyo., 628 P.2d 530 (1981); *United States v. Romero,* 692 F.2d 699 (10th Cir.1982). A case specifically in point is *United States v. Carlin,* 698 F.2d 1133 (11th Cir.), *cert. denied* 461 U.S. 958, 103 S.Ct. 2431, 77 L.Ed.2d 1317 (1983); 4 Louisell & Mueller, Federal Evidence (1980). See also *In re Corrugated Container Antitrust Litigation,* 756 F.2d 411 (5th Cir.1985); Saltzburg and Redden, Federal Rules of Evidence Manual (3d ed.), Rule 804, p. 672, and cases therein cited.

Affirmed.